**IN THE**
**FIFTH DISTRICT COURT OF APPEALS**
**AT DALLAS**

No. 05-25-00729-CV

FILED IN
Court of Appeals

AUG 20 2025

Ruben Morin
Clerk, 5th District

**Anthony Quinones**, Appellant,

*v.*

**State of Texas**, Appellee.

## AMENDED APPELLANT'S BRIEF

On Appeal from Trial Court Cause No. DF-24-17475 303rd
Judicial District Court, Dallas County, Texas
The Honorable LaDeitra Adkins, District Judge

Anthony Quinones
2857 W Walnut Hill Ln apt 2095
Irving, TX 75038
Phone 315-775-1515
anthony.rsantos48@yahoo.com

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ............................................................... 2

INDEX OF AUTHORITIES ..................................................................................... 4

STATEMENT OF THE CASE ................................................................................... 5

STATEMENT OF JURISDICTION .......................................................................... 8

ISSUES PRESENTED .............................................................................................. 9

STATEMENT OF FACTS ....................................................................................... 10

SUMMARY OF THE ARGUMENT ........................................................................ 12

ARGUMENT AND AUTHORITIES........................................................................ 13

PRAYER FOR RELIEF .......................................................................................... 17

APPENDIX.............................................................................................................. 20

# IDENTITY OF PARTIES AND COUNSEL

The following constitutes a list of all parties to the trial court's final judgment and the names and addresses of all trial and appellate counsel:

Petitioner:

Name Anthony Quinones
Address

Petitioner's trial counsel:

Name Anthony Quinones
Address 2857 W Walnut Hill Ln apt 2095 Irving, TX 75038
Telephone 315-775-1515
Fax
E-mail

Petitioner's appellate counsel:

Name
Address
Telephone
Fax
E-mail

Respondent:

Name The State of Texas (Office of the Attorney General, Child Support Division)
Address

Respondent's trial counsel:

Name Office of the Attorney General of Texas – Child Support Division
Matthew Deal
Deterrean Gamble
Nicole Loya
Telephone 214-752-5508
Fax
E-mail

Respondent's appellate counsel:

Name Office of the Attorney General – Child Support Division
Address OAG, Child Support Division, 400 S.

Zang Blvd., Suite 1100, Dallas, TX 75208
Telephone (512) 460-6000
Fax (512) 460-6080
E-mail

Other parties:          Emily Velasquez (Obligee/Mother)
(if applicable)

Counsel for other       Name
parties:                Address
                        Telephone
                        Fax
                        E-mail

## INDEX OF AUTHORITIES

**CASES**             **Page**

Dubai Petroleum Co. v. Kazi,

12 S.W.3d 71 (Tex. 2000) ................................................................. pp. 7, 13, 15

Tex. Dep't of Parks & Wildlife v. Miranda,

133 S.W.3d 217 (Tex. 2004) ................................................................. pp. 7, 13

Mullane v. Central Hanover Bank & Trust Co.,

339 U.S. 306 (1950) ................................................................. pp. 14

Wilson v. Dunn,

800 S.W.2d 833 (Tex. 1990) ................................................................. pp. 14

**STATUTES AND OTHER AUTHORITIES**

Tex. Fam. Code § 159.603 ................................................................. pp. 10, 12, 13-14

Tex. Fam. Code § 159.605 ................................................................. pp. 9, 14

U.S. Const. amend. XIV ................................................................. p. 14

Tex. Civ. Prac. & Rem. Code § 51.012 ................................................................. p. 8

Tex. Fam. Code § 109.002 ................................................................. p. 8

**RULES**

**Tex. R. App. P. 9.4** ................................................................. **p. 19 (Certificate of Compliance)**

## STATEMENT OF THE CASE

*Nature of the case:* This is a UIFSA registration/modification proceeding filed by the Texas Office of the Attorney General (Title IV-D) to register an Arizona consent decree (Feb. 23, 2021) that reflected **no child-support obligation** and **$0.00 arrears**, and to impose support in Texas under the label of "modification." Mr. Quinones specially appeared and filed jurisdictional contests, asserting (i) no existing foreign support order to register/modify, (ii) lack of proper service of any notice of registration, and (iii) due-process defects. The obligee's filings acknowledged **no current support order**.

*Disposition in the trial court:* On **April 24, 2025**, an Associate Judge of the 303rd District Court signed an **Order Confirming Registration and in Suit for Modification of Child Support Order (UIFSA)**, setting current child support at **$431/month** and

medical support at **$250/month**. Mr. Quinones promptly filed a motion to contest registration and modification and sought a stay. A de novo setting was held before the referring court on **May 16, 2025**; no new district-judge order was signed, and Mr. Quinones preserved all jurisdictional objections. He filed his notice of appeal.

*Disposition in the court of appeals:* The appeal is **docketed in the Fifth Court of Appeals, No. 05-25-00729-CV**. The clerk's record and the reporter's record from the May 16, 2025 setting are before the Court. **No appellate disposition has issued**; briefing is pending.

## STANDARD OF REVIEW

Whether a trial court possesses subject-matter jurisdiction is a question of law reviewed **de novo**. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Subject-matter jurisdiction cannot be conferred by waiver, consent, or estoppel. If the trial court lacked jurisdiction, its order is void and must be vacated. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex. 2000).

Because Appellant challenges the trial court's authority under the Uniform Interstate Family Support Act (UIFSA) to register and "modify" when **no enforceable support order existed**, this Court reviews **de novo** and should declare the April 24, 2025 order void.

## STATEMENT OF JURISDICTION

This Court has jurisdiction under **Tex. Civ. Prac. & Rem. Code §**

**51.012** and **Tex. Fam. Code § 109.002**. The order appealed is the **April 24, 2025**

**"Order Confirming Registration and in Suit for Modification of Child**

**Support Order (UIFSA)"** (CR **203–06**). Appellant timely filed notice of appeal

on **June 13, 2025** (CR **239**).

## ISSUES PRESENTED

☐ **UIFSA Subject-Matter Jurisdiction**

Did the trial court err by confirming registration and modifying where **no enforceable child-support order existed** in the issuing state, contrary to **Tex. Fam. Code § 159.603**?

☐ **Defective Notice of Registration (Due Process)**

Did jurisdiction fail to vest where the "Notice of Registration of Foreign Support Order" (CR **76**) **was never served** on Appellant and bears irregularities (including **no file-stamp date**), contrary to **Tex. Fam. Code § 159.605(a)**?

☐ **Creation of a New Obligation in a Registration Proceeding**

Did the court exceed its statutory authority by **creating** a support obligation even though the obligee's filings reflect **no current support order** (CR **61, 67**) and the registration materials state **$0.00 arrears** (CR **76**)?

☐ **Waiver of Service / Special Appearance**

Did the court err in treating Appellant's Waiver of Service (CR **125–26**) as a general appearance where Appellant timely and repeatedly challenged jurisdiction (CR **130, 134, 222**) and **subject-matter jurisdiction cannot be waived**?

-9-

## STATEMENT OF FACTS

1. The family's Arizona dissolution decree (February 23, 2021) did **not** impose a child-support obligation. The record reflects **$0.00 arrears** in the OAG's registration packet (CR **76**) and the obligee's filings deny any current support order (CR **61, 67**).

2. On or about **December 4, 2024**, the OAG initiated registration/modification proceedings in Dallas County. The packet includes a "**Notice of Registration of Foreign Support Order**" (CR **76**) and transmittal materials (CR **75–79**).

3. The **Notice of Registration** in the record **does not bear a file-stamp date**, and Appellant was **never served** with that notice as UIFSA requires (CR **75–79**).

4. Appellant filed timely jurisdictional challenges, including **Motion to Challenge Subject-Matter Jurisdiction** (CR **130**), **Request for Judicial Notice** (CR **134**), **Motion to Contest Registration & Modification** (CR **222**), and related filings.

5. The registration materials and the §105.006 information sheet in the April 24, 2025 order reflect Social Security number endings that do not match Appellant, creating an identity irregularity within the record. This discrepancy, combined with the absence of a file-stamp on the "Notice of

Registration" and lack of service, underscores a defective registration and notice process. (CR 75–79, 203–06).

6. Despite the absence of an enforceable obligation, the Associate Judge signed an **"Order Confirming Registration and in Suit for Modification of Child Support Order (UIFSA)"** on **April 24, 2025** (CR **203–06**), imposing support and medical support.

7. A de novo hearing was set and a reporter's record prepared (RR Vol. 1, May 16, 2025). Appellant preserved jurisdictional objections and pursued appeal. Appellant filed notices of appeal on **April 28, 2025** (CR **234**) and **June 13, 2025** (CR **239**).

## SUMMARY OF THE ARGUMENT

The trial court **lacked jurisdiction under UIFSA** to register/modify because the record shows **no enforceable foreign support order** existed. The OAG's registration packet reflects **$0.00 arrears (CR 76)** and the obligee's sworn filings indicate **no current support order (CR 61, 67)**. **Tex. Fam. Code §  159.603** authorizes registration of an **existing support order**—not the creation of a new obligation.

Jurisdiction also failed because the **Notice of Registration (CR 76)** was **never served** and is **irregular** (no file-stamp date), violating **§ 159.605(a)**. Without proper service, the court **could not acquire jurisdiction** to confirm, enforce, or "modify."

Finally, the court **exceeded UIFSA authority** by **creating a support obligation** within a registration proceeding. And Appellant's Waiver of Service (CR **125–26**) **cannot cure** subject-matter defects; he preserved jurisdictional objections in multiple filings (CR **130, 134, 222**). The **April 24, 2025 order (CR 203–06)** is void and must be **vacated**.

## ARGUMENT AND AUTHORITIES

### I. De Novo Review Applies to Jurisdiction

Whether a court has subject-matter jurisdiction is reviewed **de novo**. *Miranda*, 133 S.W.3d at 226. If jurisdiction is absent, the order is **void** and must be vacated. *Dubai Petroleum*, 12 S.W.3d at 76–77.

### II. UIFSA Allows Registration Only of an Existing Support Order; None Existed Here

UIFSA authorizes registration of a **foreign support order** for enforcement/modification. **Tex. Fam. Code § 159.603.** The record shows **no existing obligation** to register:

- OAG's packet lists **$0.00 arrears** (CR **76**).
- The obligee's sworn "General Testimony" filings indicate **no current support order** (CR **61, 67**).

Because **no enforceable support order** existed, Texas lacked **subject-matter jurisdiction** to "confirm registration" or to modify. The court erred by entering the **April 24, 2025** confirmation/modification order (CR **203–06**).

### III. Lack of Proper Notice of Registration Deprived the Court of Jurisdiction

UIFSA requires that the nonregistering party be **served** with **notice of registration. Tex. Fam. Code § 159.605(a)**. The record copy of the notice (CR **76**) bears **no file-stamp date**, and Appellant was **never served** with it (CR **75–79**). Without proper notice, the court could not obtain jurisdiction to confirm/enforce or modify. See, e.g., *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) (proper service is fundamental to jurisdiction). UIFSA requires strict compliance with notice and accurate identifying information in the registration packet. See Tex. Fam. Code §§ 159.602–.605. Here, the record shows a notice with no file-stamp and no service on Appellant, and it contains mismatched SSN data undermining reliable identification. Those defects together denied due process and prevented jurisdiction from vesting. See *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

In addition to statutory notice, due process requires notice reasonably calculated to apprise the party and an opportunity to be heard; the combination of missing file-stamp, lack of service, and identity discrepancy fails that standard. See U.S. Const. amend. XIV; *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314–15 (1950).

## IV. The Court Created an Obligation in a Registration Proceeding—UIFSA Prohibits That

A registration action under § **159.603** is for **enforcement** (and, if the statute's prerequisites are met, **modification** of an existing order). It does **not** authorize creation of a **new** child-support obligation where none exists. The record shows:

- The obligee's forms deny any **current support order** (CR **61, 67**).

- The OAG's notice states **$0.00 arrears** (CR **76**).

- Yet the court imposed new support obligations on **April 24, 2025** (CR **203–06**).

This exceeded the tribunal's statutory authority and requires **vacatur**.

## V. Waiver of Service Does Not Confer Subject-Matter Jurisdiction; Objections Were Preserved

Appellant signed a **Waiver of Service** (CR **125–26**), but **subject-matter jurisdiction cannot be waived or created by consent**. *Dubai Petroleum*, 12 S.W.3d at 76–77. Appellant timely and repeatedly **contested jurisdiction** (CR **130, 134, 222**). The court's order is therefore **void** and must be vacated.

## *RELIEF REQUESTED*

Because the trial court lacked jurisdiction under UIFSA, failed to ensure proper registration notice, and exceeded its statutory authority by creating a support

obligation in a registration proceeding, the **April 24, 2025 Order** (CR **203–06**)

is **void** and must be **vacated**.

## PRAYER FOR RELIEF

Appellant, **Anthony Quinones**, respectfully prays that this Court:

1. **Vacate** the **April 24, 2025 "Order Confirming Registration and in Suit for Modification of Child Support Order (UIFSA)"** entered in Cause No. **DF-24-17475** by the 303rd Judicial District Court of Dallas County, Texas (CR **203–06**);

2. Reinstate and give **full faith and credit** to the Arizona decree reflecting **no enforceable support obligation**, as evidenced in the registration materials (CR **75–79**) and obligee filings (CR **61, 67**);

3. **Declare** that no enforceable Texas child-support obligation exists against Appellant arising from this registration action; and

4. Grant such other and further relief to which Appellant may be justly entitled.

Respectfully submitted,

Name Anthony Quinones
Address 2857 W Walnut Hill Ln apt 2095 Irving, TX 75038
Telephone No. 315-775-1515
Facsimile No.
E-mail address
*Pro Se*

- 17 -

## AMENDED CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Appellate Procedure I certify that a copy of this Appellant Brief was served on Respondent The Attorney General of Texas through counsel of record, in person on August 20, 2025

Name Anthony Quinones
*Pro Se*

# CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this Appellant Brief contains 2006 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

Name Anthony Quinones
*Pro Se*

Docusign Envelope ID: BB39B21E-9D94-4A2A-A2F3-5298D6A2DD04

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**
NCP Name:    *ANTHONY QUINONES*
CP Name:     *EMILY VELASQUEZ*
OAG Number: **0014623286**

## CAUSE NUMBER *DF-24-17475*

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *303RD DISTRICT COURT* |
| *XIOMARA HAILIE QUINONES* | § | OF |
| A CHILD | § | *DALLAS* COUNTY, TEXAS |

### ORDER CONFIRMING REGISTRATION AND IN SUIT FOR MODIFICATION OF CHILD SUPPORT ORDER (UIFSA)

On the 24th day of April, 2025, the Court held a hearing in this cause.

The Office of the Attorney General appeared by its Attorney of Record.

*ANTHONY QUINONES*, the *father* of the child, is the Obligor, and appeared *pro se* virtually.

It is FOUND that *EMILY VELASQUEZ*, the *mother* of the child, is the Obligee.

It is FOUND pursuant to Texas Family Code Chapter 159, that this court has, or assumes, jurisdiction over *ANTHONY QUINONES* and the subject matter of this suit.

A record of the proceedings was made by Court Reporter, ORALIA GUZMAN.

### CHILDREN

The following child is the subject of this suit:

| Name | Sex | DOB | SSN |
|---|---|---|---|
| XIOMARA HAILIE QUINONES | F | 7/3/2018 | xxx-xx-x230 |

### REGISTRATION OF ORDERS

It is FOUND that the validity of one or more of the foreign Orders registered in this case was contested. After hearing the evidence and argument of counsel, IT IS FOUND that the following order(s) is/are valid and enforceable:

1.  Name of Order: CONSENT DECREE FOR DISSOLUTION OF MARRIAGE WITH MINOR CHILD

    Date: February 23, 2021           Court: Superior Court of Arizona

    Cause No. FC2019-098395           County: Maricopa           State: AZ

    All Orders listed above are attached hereto.

    IT IS ORDERED that the above order(s) is (are) CONFIRMED.

It is FOUND that the order entitled CONSENT DECREE FOR DISSOLUTION OF MARRIAGE WITH MINOR CHILD, dated 2/23/2021, setting support in the amount of $0.00 per month is the order that controls the amount of prospective support.

## ARREARAGES

It is FOUND and CONFIRMED that *ANTHONY QUINONES* is in arrears in the amount of $0.00 as of April 24, 2025. This includes all child support unpaid and owing and any unpaid balance owed on previously confirmed arrearages or retroactive support judgments as of the specified date.

## MODIFICATION OF SUPPORT ORDER

It is FOUND that since rendition of the support and health care coverage order entitled CONSENT DECREE FOR DISSOLUTION OF MARRIAGE WITH MINOR CHILD signed on February 21, 2021 there has been a material and substantial change in the circumstances of the child or parties, or it has been three years since the order was rendered or last modified and the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child support guidelines, which warrants the following modification of the existing support order.

Docusign Envelope ID: BB39B21E-9D94-4A2A-A2F3-5298D6A2DD04

## FINDINGS REGARDING MEDICAL SUPPORT, DENTAL SUPPORT, AND CHILD SUPPORT OBLIGATIONS

It is FOUND:

*ANTHONY QUINONES's* gross monthly resources are $2,782.00.

Reasonable cost, based upon 9% of *ANTHONY QUINONES's* gross monthly resources is $250.42

*ANTHONY QUINONES* is obligated to provide support for the following:

(A)    The number of children before the court is *one (1)*.

(B)    The number of minor children not before the court residing in the same household with *ANTHONY QUINONES* is *zero (0)*.

(C)    The number of children not before the court for whom *ANTHONY QUINONES* is obligated by a court order to provide **medical support**, and who are not counted under Paragraph (A) or (B) is *zero (0)*.

(D)    The number of children not before the court for whom *ANTHONY QUINONES* is obligated by a court order to provide **dental support**, and who are not counted under Paragraph (A) or (B) is *zero (0)*.

(E)    The number of children not before the court for whom *ANTHONY QUINONES* is obligated by a court order to provide **child support**, including those counted in (C) above, and who are not counted under Paragraph (A) or (B) is *zero (0)*.

*EMILY VELASQUEZ* provides health insurance coverage for *zero (0)* other minor children.

*EMILY VELASQUEZ* provides dental insurance coverage for *zero (0)* other minor children.

### MEDICAL SUPPORT

(MORE THAN ONE OPTION MAY BE APPROPRIATE)

☐ 1.    Health insurance is available or is in effect for the child through the following parent's employment or membership in a union, trade association, or other organization at a reasonable cost to *ANTHONY QUINONES*:

☐ *EMILY VELASQUEZ* at an actual cost of $ _____ per month.

☐ *ANTHONY QUINONES* at an actual cost of $ _____ per month.

☐ *EMILY VELASQUEZ* through the United States Armed Forces (TRICARE).

☐ *ANTHONY QUINONES* through the United States Armed Forces (TRICARE).

☐ 2.    Health insurance is not available under option #1, or good cause exists to vary from #1, and health insurance is available to the following parent from another source at a reasonable cost to *ANTHONY QUINONES*:

☐ *EMILY VELASQUEZ* at an actual cost of $ _____ per month.

☐ *ANTHONY QUINONES* at an actual cost of $ _____ per month.

☑ 3.    No parent has access to private health insurance at a reasonable cost or good cause exists to vary from #1 or #2.

☐ 4.    Notwithstanding the findings made above, it is FOUND that good cause exists to deviate from the statutory priorities in ordering health insurance for the following reason(s):

_____

_____

**DENTAL SUPPORT**
(MORE THAN ONE OPTION MAY BE APPROPRIATE)

☐ 1. Dental insurance is available or is in effect for the child through the following parent's employment or membership in a union, trade association, or other organization at a reasonable cost to *ANTHONY QUINONES*:
☐ *EMILY VELASQUEZ* at an actual cost of $ _____ per month.
☐ *ANTHONY QUINONES* at an actual cost of $ _____ per month.
☐ *EMILY VELASQUEZ* through the United States Armed Forces (TRICARE).
☐ *ANTHONY QUINONES* through the United States Armed Forces (TRICARE).

☐ 2. Dental insurance is not available under option #1, or good cause exists to vary from #1, and dental insurance is available to the following parent from another source at a reasonable cost to *ANTHONY QUINONES*:
☐ *EMILY VELASQUEZ* at an actual cost of $ _____ per month.
☐ *ANTHONY QUINONES* at an actual cost of $ _____ per month.

☑ 3. No parent has access to private dental insurance at a reasonable cost therefore neither party is ordered to provide dental insurance for the child.

☐ 4. Notwithstanding the findings made above, it is FOUND that good cause exists to deviate from the statutory priorities in ordering dental insurance for the following reason(s):

_____
_____
_____
_____

It is further FOUND that the following orders regarding health insurance and dental insurance are in the best interest of the child.

**CHILD SUPPORT FINDINGS**

It is FOUND:

(1) the net resources of *ANTHONY QUINONES* per month are *$2,155.22*;

(2) the percentage applied to *ANTHONY QUINONES's* net resources for child support is *20%*.

Docusign Envelope ID: BB39B21E-9D94-4A2A-A2F3-5298D6A2DD04

## GOVERNMENT MEDICAL ASSISTANCE PROGRAM OR HEALTH PLAN

*EMILY VELASQUEZ* is ORDERED to apply, within 15 days after entry of this order, on behalf of the child for participation in a government medical assistance program or health plan. Upon enrollment, *EMILY VELASQUEZ* is ORDERED to maintain such health coverage in full force and effect for any child, subject of this suit, by paying any and all applicable fees required for the coverage, including but not limited to, enrollment fees, and premiums until the first of the following events occurs for the child:

1. the child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

2. the child marries;

3. the child dies;

4. the child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

5. the child's disabilities are otherwise removed for general purposes.

If the child is eighteen years of age and has not graduated from high school, IT IS ORDERED that this obligation shall not terminate but shall continue for as long as the child is enrolled

1. under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2. on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

*EMILY VELASQUEZ* is ORDERED to furnish *ANTHONY QUINONES* and the Office of the Attorney General Child Support Division, a true and correct copy of the health insurance policy or certification and a schedule of benefits within 30 days following the signing of this order.

*EMILY VELASQUEZ* is ORDERED to furnish *ANTHONY QUINONES* the insurance cards and any other forms necessary for use of the insurance within 30 days following the signing of this order.

*EMILY VELASQUEZ* is ORDERED to provide, within three days of receipt by her, to *ANTHONY QUINONES* any insurance checks, other payments, and/or explanations of benefits relating to any medical expenses for the child that *ANTHONY QUINONES* incurred or paid.

## CASH MEDICAL SUPPORT

Pursuant to Texas Family Code §154.182(b)(3), *ANTHONY QUINONES* is ORDERED to pay *EMILY VELASQUEZ* cash medical support, as additional child support, of **$250.00** each month, beginning the **1st day of May, 2025**, payable on or before the same day of each month thereafter until the earliest occurrence of one of the events specified below happens for every child, subject of this suit:

1. the child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

2. the child marries;

3. the child dies;

4. the child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

5. the child's disabilities are otherwise removed for general purposes.

If the child is eighteen years of age and has not graduated from high school, IT IS ORDERED that the obligation to pay medical support for that child shall not terminate but shall continue for as long as the child is enrolled

1. under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2. on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

*ANTHONY QUINONES* is allowed to discontinue payment of cash medical support, for the period of time *ANTHONY QUINONES* is providing coverage if:

(1) health insurance for the children becomes available to *ANTHONY QUINONES* at a reasonable cost; and

(2) *ANTHONY QUINONES* enrolls the child in the insurance plan; and

(3) *ANTHONY QUINONES* provides *EMILY VELASQUEZ*, and the Office of the Attorney General, the Title IV-D agency, the information required under Texas Family Code §154.185.

## NO CREDIT FOR INFORMAL PAYMENTS

*ANTHONY QUINONES* is ORDERED to pay all cash medical support, if ordered, through the registry prescribed in this decree, and any direct payments or any expenditures incurred during periods of possession shall be deemed in addition to and not in lieu of the medical support ordered herein.

## ADDITIONAL HEALTH CARE EXPENSES

Pursuant to Texas Family Code §154.183(c), additional health care expenses to be allocated between the parties include the following:

(1) any reasonable and necessary health care expenses of the child, including vision and dental expenses, that are not reimbursed by insurance; and

(2) any amounts paid by either party as deductibles or copayments for health care services for the child.

Additional health care expenses, including vision and dental care expenses of the child are allocated as follows:

*EMILY VELASQUEZ* is ORDERED to pay __50__% and *ANTHONY QUINONES* is ORDERED to pay __50__% of the total health care expenses, including vision expenses that exceed the amount of cash medical support ordered.

*EMILY VELASQUEZ* is ORDERED to pay __50__% and *ANTHONY QUINONES* is ORDERED to pay __50__% of additional dental care expenses.

If the cash medical support is discontinued pursuant to the **"CASH MEDICAL SUPPORT"** provision because *ANTHONY QUINONES* obtains health insurance for the child, *ANTHONY QUINONES* shall be responsible for 100% of the child's total health care expenses incurred in any month in which he neither pays the cash medical support nor provides health care coverage for the child.

The party who incurs a health care expense, including vision or dental care expense on behalf of the child, is ORDERED to submit to the non-incurring party(ies) all forms, receipts, bills, statements, and explanations of benefits reflecting the expenses within 30 days after he or she receives them. The party shall itemize those expenses for which payment or reimbursement is sought. Each non-incurring party who is also a parent is ORDERED to pay his or her share or percentage of the expenses either by paying the provider directly or by reimbursing the incurring party within 30 days after the non-incurring party receives the forms, receipts, bills, or statements.If the incurring conservator fails to furnish to the non-incurring conservator the forms, receipts, bills, statements, and explanations of benefits reflecting the expenses within 30 days after the incurring conservator receives them, the non-incurring conservator is ORDERED to pay the non-incurring conservator's percentage of the unreimbursed portion of the health care expenses either by paying the health care provider directly or by reimbursing the incurring conservator for any advance payment exceeding the conservator's percentage of the unreimbursed portion of the health care expenses within 90 days after the non-incurring conservator receives the forms, receipts, bills, statements, and/or explanation of benefits.

## WARNING

**A parent ordered to provide health insurance, or to pay additional child support for the cost of health insurance who fails to do so is liable for 100% of necessary health care expenses, including vision or dental expenses of the child, without regard to whether the expenses would have been paid if health insurance or dental insurance had been provided, and the cost of health insurance premiums, dental insurance premiums, or contributions, if any, paid on behalf of the child.**

Docusign Envelope ID: BB39B21E-9D94-4A2A-A2F3-5298D6A2DD04

## CURRENT CHILD SUPPORT

*ANTHONY QUINONES* is ORDERED to pay *EMILY VELASQUEZ* current child support of **$431.00** each month beginning the **1st day of May, 2025,** payable on or before that date and on or before the same day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1.     any child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;
2.     any child marries;
3.     any child dies;
4.     any child enlists in the armed forces of the United States and begins active service as defined by sections 101 of title 10 of the United States Code; or
5.     any child's disabilities are otherwise removed for general purposes.

If a child is eighteen years of age and has not graduated from highschool, IT IS ORDERED that the obligation to pay child support for that child shall not terminate but shall continue for as long as the child is enrolled:

1.     under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code, or
2.     on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

## NO CREDIT FOR INFORMAL PAYMENTS

*ANTHONY QUINONES* is ORDERED to pay all child support through the registry prescribed in this decree, and any direct payments by him or any expenditures incurred during his periods of possession shall be deemed in addition to and not in lieu of the child support ordered herein.

## PAYMENT OF SUPPORT AND COSTS

Pursuant to Texas Family Code, Chapters 231 and 234, all support rights are assigned to the Title IV-D agency, and *ANTHONY QUINONES* is ORDERED to pay all support through the State Disbursement Unit at:

Texas Child Support Disbursement Unit
P O Box 659791
San Antonio, TX 78265-9791

for distribution according to law. All payments shall be identified by:

Obligor name *ANTHONY QUINONES*,
Obligee name *EMILY VELASQUEZ*,
Office of the Attorney General case number *0014623286*,
cause number *DF-24-17475*, and
the date on which the withholding occurred.

*ANTHONY QUINONES* is ORDERED to pay court costs AS BILLED to the District Clerk of *DALLAS* County, Texas on or before the 24th day of June, 2025 directly to:

FELICIA PITRE
DIST CLK FAMILY FILE DESK
600 COMMERCE, 1ST FLOOR
DALLAS, TX 75202

## INCOME WITHHOLDING

Pursuant to Texas Family Code Chapter 158 and § 159.305(b)(3), any employer of *ANTHONY QUINONES*, current or subsequent, is ORDERED to withhold income from the disposable earnings of *ANTHONY QUINONES* for the child's support as set out in the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT. Any income withheld from *ANTHONY QUINONES*'s disposable earnings for child support and paid according to this order shall be credited against his child support obligation, but shall not discharge any of his child support obligation that exceeds the amount so credited.

It is FOUND that *ANTHONY QUINONES* is liable for all court ordered child support, regardless of the amounts withheld by any employer or entity, and *ANTHONY QUINONES* is ordered to pay any court ordered child support not withheld by any employer or entity directly to the Texas Child Support Disbursement Unit as ordered.

The Clerk of the Court, upon request, is ORDERED to cause a certified copy of the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT, with a copy of Texas Family Code Chapter 158 attached, to be delivered to *ANTHONY QUINONES*'s employer.

*ANTHONY QUINONES* is ORDERED to provide any subsequent employer with a copy of the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT.

### STATUTORY WARNINGS

**FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF**

Docusign Envelope ID: BB39B21E-9D94-4A2A-A2F3-5298D6A2DD04

COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, EMAIL ADDRESS, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT AND, THE STATE CASE REGISTRY WITH CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

## NOTICE TO THE STATE CASE REGISTRY

As is required by the preceding section, any change of a party's residential address, mailing address, home telephone number, email address, name of employer, address of employment, driver's license number, and work telephone number are to be reported by mail to the:

State Case Registry
Contract Services Section
MC 046S
P.O. Box 12017
Austin, TX 78711-2017

in addition to reporting the change(s) to the other parties and the Court.

Docusign Envelope ID: BB39B21E-9D94-4A2A-A2F3-5298D6A2DD04

## REVIEW

Pursuant to 42 USC 666(a)(10), a parent subject to a child support order, at least every three years, has the right to request a review of the ordered child support amounts by contacting the Child Support Division of the Office of the Attorney General.

THE COURT MAY MODIFY THIS ORDER THAT PROVIDES FOR THE SUPPORT OF A CHILD, IF:

1. THE CIRCUMSTANCES OF THE CHILD OR A PERSON AFFECTED BY THE ORDER HAVE MATERIALLY AND SUBSTANTIALLY CHANGED; OR

2. IT HAS BEEN THREE YEARS SINCE THE ORDER WAS RENDERED OR LAST MODIFIED AND THE MONTHLY AMOUNT OF THE CHILD SUPPORT AWARD UNDER THE ORDER DIFFERS BY EITHER 20 PERCENT OR $100 FROM THE AMOUNT THAT WOULD BE AWARDED IN ACCORDANCE WITH THE CHILD SUPPORT GUIDELINES.

Docusign Envelope ID: BB39B21E-9D94-4A2A-A2F3-5298D6A2DD04

## INFORMATION PURSUANT TO TEXAS FAMILY CODE § 105.006

Court: *303RD DISTRICT COURT DALLAS* County, Texas

Cause Number: *DF-24-17475*

### PRIMARY JOINT MANAGING or MANAGING CONSERVATOR / OBLIGEE INFORMATION:

Name: *EMILY VELASQUEZ*

Residence Address: *904 N ACACIA AVE*
*COMPTON CA 90220-2239-99*

Mailing Address (if different):

Social Security Number: *xxx-xx-x607*

Driver License Number:

Home Phone:

Email Address: *EMILYVELASQUEZ98@GMAIL.COM*

Employer:

Employment Address:

Work Phone:

### JOINT MANAGING or POSSESSORY CONSERVATOR / OBLIGOR INFORMATION:

Name: *ANTHONY QUINONES*

Residence Address: *2857 W WALNUT HILL LN*
*APT 2095*
*IRVING TX 75038-5284-99*

Mailing Address (if different):

Social Security Number: *xx-xx-x533*

Driver License Number: *xxxxx445*

Home Phone:

Email Address: *ANTHONY.RSANTOS48@YAHOO.COM*

Employer: *MCKESSON MEDICAL SURGICAL INC*

Employment Address: *6555 STATE HIGHWAY 161*
*IRVING TX 75039-2402-55*

Work Phone:

Expected termination date of obligation to pay child support and of orders for possession of, or access to, a child (date of expected emancipation of all minors): July 3, 2036.

The Court has *not* ordered that special restrictions be placed on the distribution of this information pursuant to Texas Family Code § 105.006(c).

Docusign Envelope ID: BB39B21E-9D94-4A2A-A2F3-5298D6A2DD04

Date Signed: _____4/24/2025_____

DocuSigned by:

*Maya Harris Evans*
———38F8CCD0ADF342D———
ASSOCIATE JUDGE PRESIDING

Cause Number DF-24-17475; DALLAS County, Texas

*Gabriel Arteaga*
_____
GABRIELLE R. GEORGE - SBN 24098879
GABRIEL ARTEAGA - SBN 24096734
JOYCE NWACHUKWU - SBN 24070347
MARIANNE T. WARREN - SBN 00785183
JECICA BROWN-MITCHELL - SBN 24136766
HALEY POLK - SBN 24140176
KAMERON DAVIS-STEPHENS - SBN 24120427
HEATHER IKEJIANI - SBN 24091979
DONNA SCHARDT - SBN 17727450
MORGAN BRIDGEWATER - SBN 24118338
LOGAN NUTT - SBN 24098186                    ANTHONY QUINONES, Obligor
ASHLEY PHILIP - SBN 24090951
KAREN E. YOUNG - SBN 22199500
Attorney of Record
Child Support Division
400 S ZANG BLVD
SUITE 1100
DALLAS, TX 75208-6646
Email CSD-Legal-413@oag.texas.gov
Telephone No. (214)752-5508
Toll Free 1(800)252-8014
FAX No. (214)583-6252